OPINION
On June 13, 2000, a tanker truck owned by appellant, Santmyer Oil Company, overturned in Knox County, Ohio, spilling diesel fuel.
On November 6, 2000, appellee, Knox County Local Emergency Planning Committee, filed a complaint against appellant seeking recovery in the amount of $7,275.64 for costs incurred in responding to the incident. A bench trial commenced on September 27, 2001. By judgment entry filed October 4, 2001, the trial court found in favor of appellee in the amount of $7,190.64. The trial court filed findings of fact and conclusions of law on November 15, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE TRIAL COURT ERRED IN DETERMINING THAT OHIO REVISED CODE SECTION 3745.13 ALLOWS FOR THE RECOVERY OF MONEY BASED UPON STANDARD OPERATING GUIDELINES DEVELOPED BY A LOCAL EMERGENCY MANAGEMENT AGENCY ABSENT A RELATIONSHIP BETWEEN THE GUIDELINES AND THE ENTITY'S ACTUAL COSTS INCURRED IN RESPONDING TO THE UNAUTHORIZED ENVIRONMENTAL SPILL."
 II "THE FINDINGS OF FACT AND CONCLUSIONS OF LAW SET FORTH BY THE TRIAL COURT IN ITS ORDER FILED FOR RECORD ON NOVEMBER 15, 2001, DISREGARDED THE WEIGHT OF THE EVIDENCE PROVIDED AT TRIAL AND IMPROPERLY APPLIED OHIO REVISED CODE SECTION 3745.13."
 III "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS AT THE CLOSE OF PLAINTIFF'S CASE IN CHIEF SINCE AT THE TIME THE MOTION WAS MADE, THE PLAINTIFF HAD FAILED TO MEET ITS BURDEN OF PROOF."
 I, II, III
The assignments of error challenge the evidence as being insufficient and contrary to the controlling statute. Appellant claims the evidence was insufficient to establish the "costs" expended by appellee for the environmental spill, and the trial court should have granted its motion to dismiss based upon a failure of proof.
The controlling statute is R.C. 3745.13 which states in pertinent part the following:
 "When emergency action is required to protect the public health or safety or the environment, any person responsible for causing or allowing an unauthorized spill, release, or discharge of material into or upon the environment is liable to the municipal corporation, county, township, countywide emergency management agency established under section 5502.26 of the Revised Code, * * * for the necessary and reasonable, additional or extraordinary costs it incurs in investigating, mitigating, minimizing, removing, or abating the spill, release, or discharge in the course of its emergency action * * *. The officers of the municipal corporation, county, township, countywide emergency management agency, or regional authority for emergency management performing the emergency action shall keep a detailed record of its costs for investigating, mitigating, minimizing, removing, or abating the unauthorized spill, release, discharge; promptly after the completion of those measures, shall certify those costs to the city director of law or village solicitor, as appropriate, of the municipal corporation, the prosecuting attorney of the county in the case of a county, township, or countywide emergency management agency, or the legal counsel retained thereby in the case of a regional authority for emergency management * * *. The legal officer or counsel shall submit a written, itemized claim for the total certified costs incurred by the municipal corporation, county, township, countywide agency, or regional authority for the emergency action to the responsible party and a written demand that those costs be paid to the political subdivision, countywide agency, or regional authority. * * * Moneys recovered in this section shall be credited to the appropriate funds of the political subdivision, countywide agency, or regional authority from which moneys were expended in performing the emergency action."
Appellant argues the evidence presented does not conform to the mandates of the cited statute. In particular, appellant argues the evidence presented was but a standard operating guideline that did not conform to the "necessary and reasonable, additional or extraordinary costs" language of the statute, and the evidence did not support the trial court's decision. We note a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
In its judgment entry filed November 15, 2001, the trial court found the following at Findings of Fact No. 7:
 "As a result of the unauthorized discharge of petroleum products, the plaintiff, the Homer Volunteer Fire Department and the Utica Volunteer Fire Department incurred costs totaling $7,190.64 investigating, mitigating, minimizing, removing, and abating the damages resulting from the spill or unauthorized discharge of petroleum products."
The trial court set forth a detailed list of costs in Finding of Fact No. 8 as follows:
"Larry Hatton, Emergency Coordinator Charges:
"Vehicle Fee — 6 hours @ $50 per hour $300.00
"Administrative Fee @ 15% $948.99
"Total emergency Planning Charges $1248.99
"Homer Volunteer Fire Department Charges:
"Engine 471 — 8.5 hrs. @ $200 per hour $1700.00
"Rescue 471 — 8.5 hrs. @ $100 per hr. 850.00
"54 man hours @ 6.50 per hr. 371.00
"Total Homer Department bill $2921.00
"Utica Volunteer Fire Department Charges:
"Engine 463 — 8.5 hrs. @ 200 per hour $1700.00
"Rescue 465 — 8.5 hrs. @ 100 per hour 850.00
"Chief car — 8.5 @ 10 per hr. 85.00
"59.5 man hours @ 6.50 per hour 385.65
"Total Utica Department bill $3020.65"
Appellant argues the costs listed are based upon a standard operating guideline and are not based upon a "detailed record" pursuant to the statute. The trial court discussed the method of calculation in Findings of Fact Nos. 10, 11 and 12 as follows:
 "10. The charges for the Utica and Homer Fire Departments were based upon the schedule of charges attached to the Knox County Hazardous Materials Billing Standard Operating Guide. The Knox County Fire Chiefs Association approved the guide and it was based upon rates used in similar guides in the contiguous counties.
 "11. The Utica Fire Department was there for back-up. Both the Homer and Utica Fire Departments were present for about eight and one-half hours at the scene.
 "12. Rural counties have higher costs than do larger urban counties, because urban counties are specialized, have more incidents over which to spread the costs and are most cost efficient."
Appellant argues this method of calculation is not authorized by statute, nor does it conform to the statutory scheme.
Larry Hatton of the Knox County Emergency Planning Committee compiled the costs incurred by the Homer and Utica Fire Departments. Each chief submitted a bill for hours on the scene for each vehicle used and for man hours at $6.50 per hour. T. at 10; Plaintiff's Exhibit 3. The fire department vehicles were on the scene for eight and one-half hours as were the volunteer firefighters who were not paid except for workers' compensation coverage and life insurance. T. at 23, 58-59. Firefighter gear and equipment are paid for by the departments. T. at 59. Each department submitted equipment charges of $200.00 per hour for each fire engine and $100.00 per hour for each rescue squad vehicle. Plaintiff's Exhibit 3. Admittedly, these rates were derived from the standard operating guideline (Plaintiff's Exhibit 1) which were adopted in 1995 although one vehicle was purchased in 1998. T. at 8-9.
Appellant argues because the hourly rates for the emergency vehicles are not based upon a cost analysis format, they are not valid in this case. Appellant points to rates from FEMA and Franklin County, Ohio that are considerably lower. T. at 27, 29, 32-33. Michael Dalton, the on-scene coordinator in the Division of Emergency and Remedial Response with the Ohio Environmental Protection Agency who responded to the scene, testified city fire equipment can be specifically allocated to specific hazardous incidents whereas all rural fire equipment must "carry materials for responding to any kind of incident" because of limited equipment. T. at 48. Further, FEMA rates are based upon a "willing to reimburse" schedule, not actual costs. T. at 52. Therefore, appellant's contra evidence attacking the fire equipment rates is like comparing apples to oranges. We reject this argument as inapplicable.
Specifically, there is no evidence in the record to suggest that the per hourly fee is not a reasonable cost for the use of the fire equipment (including costs per the guideline for the use of non-reusable equipment i.e., absorbent pads). In addition, the use of Mr. Hatton's vehicle for six hours as a command center, with its two-way radio and two cell phones, at $50.00 per hour for six hours is likewise reasonable and necessary.
Of greater concern is the 54/59.5 man hours charged at $6.50 per hour for volunteer firemen who were not paid. Clearly there is some cost associated with dressing, educating and providing fringe benefits for these firefighters. Other than an argument that the volunteer firefighters were unpaid, the costs associated with the $6.50 per man hour is unchallenged in the record. Appellant cannot engage in the luxury of taking potshots at a standard operating guideline which is consistently applied within similar jurisdictions without offering some alternative expert evidence. In a civil case, where preponderance of the evidence is the burden of proof, there remains some responsibility on the defendant by use of expert testimony to refute the evidence presented. The standard operating guideline acknowledges costs for personnel include "[l]abor, benefits and insurance costs" therefore, we find the $6.50 per man hour charge to be valid.
Appellee added together all of the costs associated with the cleanup and took a fifteen percent administrative fee. T. at 14. The fee covers training for fire department personnel and command and hazardous material classes. Id. We find this fee bears no relationship to the "necessary and reasonable, additional or extraordinary costs" per the statute. The $948.99 charge is not recoverable.
Based upon our review of the record and our reasoning supra, the trial court's judgment is affirmed, but reduced by $948.99. The trial court did not err in failing to dismiss the complaint at the close of the plaintiff's case-in-chief as appellee presented sufficient evidence to establish the requisite burden of proof.
Assignments of Error I and II are denied in part.
Assignment of Error III is denied.
The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed in part and reversed in part.
By FARMER, J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is affirmed in part and reversed in part. Pursuant to App.R. 12, the judgment to appellee is reduced by $948.99 consistent with this opinion. Costs to be paid by appellant.